UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAURA BURBO, | |
| Plaintiff, | Case No. 23-cv-10522 |
| | Honorable Judith E. Levy |
| v. | Magistrate Judge Elizabeth A. Stafford |
| EPIC PROPERTY MANAGEMENT, | |
| Defendant. | |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO DISMISS (ECF NO. 6)**

## I.    Introduction

Plaintiff Laura Burbo, proceeding pro se, sued her former employer, Defendant Epic Property Management, alleging unlawful discharge and discrimination in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 401.301 *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*  ECF No. 1.  She also brings state-law claims for retaliatory discharge and for intentional infliction of emotional distress.  *Id.* The Honorable Judith E. Levy referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 9.

Epic moved to dismiss, arguing that Burbo's claims are barred by the statutes of limitations.  ECF No. 6.  The Court recommends that Epic's motion be granted and that Burbo's state claims be dismissed without prejudice.

## II.    Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff

and accept as true all well-pleaded factual allegations. *Id*.  But

"[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and

the Court has no duty to create a claim not spelled out in the pleadings,

*Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865,

871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a

more liberal reading than would be afforded to formal pleadings drafted by

lawyers, but such complaints still must plead a plausible claim for relief.

*Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012);

*Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Defendant argues that Burbo's federal claims are barred because she

did not timely file her FMLA claim within the two-year statute of limitations,

and she did not exhaust her ADA claim.  ECF No. 6, PageID.23-25.  The

Court agrees.

**B.**

A plaintiff must bring an FMLA action "not later than 2 years after the

date of the last event constituting the alleged violation for which the action

is brought."  29 U.S.C. § 2617(c)(1).  But the period is extended to three

years when a defendant has committed a "willful violation" of the FMLA.  §

2617(c)(2).  To determine whether the period of limitations should be

3

extended, the question is not whether the employer willfully committed an act that violated the FMLA.  Rather, "the central inquiry in determining whether a violation of the FMLA is willful is whether the employer intentionally or recklessly violated the FMLA."  *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014).

To plead a viable claim of willful violation, "a plaintiff must do more than make the conclusory assertion that a defendant acted willfully."  *Id.* (cleaned up).  The plaintiff must instead "plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face."  *Id.* (cleaned up).

Burbo makes only conclusory allegations in her complaint that Epic placed her on unpaid leave and then willfully fired her to deny her rights under the FMLA.  ECF No. 1, PageID.5, 7.  Thus, she does not state a viable claim of willful violation.  For her response, Burbo points to documentation that does not change the conclusion that her claim of willful violation is not viable.  *See* ECF No. 8-1, PageID.47, 49.  First, "a court considering a motion to dismiss must focus only on the allegations in the pleadings."  *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (cleaned up).

And the documentation does not address "the central inquiry" of whether Epic intentionally or recklessly violated the FMLA. *Crugher*, 761 F.3d at 617. The documents are her "Report of Claim"; Epic's March 2020 letter to Burbo informing her that it could not reasonably accommodate her limitations; a doctor's note stating that Burbo could not engage in overhead lifting or pulling; and an April 2020 letter to Burbo stating that her health benefits were discontinued because of her involuntary termination and informing her of her COBRA rights. ECF No. 8-1. Those documents confirm that Epic terminated her after she made her disability claim, but they do not suggest that Epic intentionally or willfully violated the FMLA.

Thus, the two-year statute of limitations applies, and her FMLA claim is time-barred.

## C.

Burbo's ADA claim is also barred. A claimant must exhaust her ADA remedies by filing "a charge of discrimination with the [Equal Employment Opportunity Commission (EEOC)] within 300 days of the alleged discrimination*." Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. §§ 12117(a), 2000e-5(e)(1)). Defendant argues that Burbo never filed an EEOC charge. ECF No. 6, PageID.24-25. In response, Burbo neither claims that she filed an EEOC

charge nor cites authority that would permit her to proceed with an unexhausted ADA claim.  ECF No. 8, PageID.35-36.  So her ADA claim should be dismissed.

### D.

Only state law claims remain.  Burbo alleged retaliatory discharge under Michigan's Worker's Disability Compensation Act, M.C.L. § 418.301(13), and intentional infliction of emotional distress.  ECF No. 1, PageID.5.  She also made a cursory reference to the Persons with Disabilities Civil Rights Act, M.C.L. § 37.1101.  *Id*.  Upon dismissal of Burbo's federal claims, the court should decline to extend supplemental jurisdiction over the state-law claims and dismiss them without prejudice.  *See Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013) ("28 U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (cleaned up)).

### III.    Conclusion

The Court **RECOMMENDS** that Epic Property Management's motion to dismiss (ECF No. 6) be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 18, 2023

6

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2023.

s/Marlena Williams

MARLENA WILLIAMS
Case Manager

8