## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Laura Burbo,

                Plaintiff,        Case No. 23-cv-10522

v.                               Judith E. Levy
                               United States District Judge

Epic Property Management,

                      Mag. Judge Elizabeth A.
            Defendant.    Stafford

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS [17], ADOPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [16], AND GRANTING DEFENDANT'S MOTION TO DISMISS [6]

Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation ("R&R"), (ECF No. 16), which recommends granting Defendant Epic Property Management's Motion to Dismiss. (ECF No. 6.) Judge Stafford issued the R&R on August 18, 2023. (ECF No. 16.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Plaintiff submitted objections to the R&R on August 31, 2023. (ECF No. 17.) Defendant responded to the objections. (ECF No.

18.) For the reasons set forth below, the Court adopts the R&R and dismisses the Complaint.

## I.    Background

Plaintiff, proceeding pro se, sued Defendant, her former employer, alleging that she was wrongfully terminated and discriminated against in violation of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). (ECF No. 1, PageID.5.) She also asserted related state-law claims, including claims under the Michigan Worker's Disability Compensation Act ("WDCA") and a claim for intentional infliction of emotional distress. (*Id.*) In Plaintiff's Complaint, she states that "on or around" February 25, 2020, she filed a claim for worker's compensation after a work-related injury. (*Id.*) She also asserts that, at some point, she "was forced to sign an agreement stating that [she] could not return to work if [she] was being treated by a physician or attending physical therapy." (*Id.* at PageID.7.) On March 6, 2020, Plaintiff alleges, Defendant placed her on unpaid medical leave and terminated her employment. (*Id.* at PageID.5.) She states that Defendant had a "willful intention" to "inflict economic harm" and "failed in participating in hte [sic] interactive process to assess Plaintiff's disabilty

[sic]." (*Id.* at PageID.7.) Plaintiff filed her lawsuit on March 3, 2023. (ECF No. 1.)

Defendant filed a Motion to Dismiss, arguing that several of Plaintiff's claims were time-barred or had not been properly exhausted and arguing the Court should not exercise supplemental jurisdiction over the remaining claims. (ECF No. 6.) The Motion was fully briefed. (ECF Nos. 8, 10.) The Court referred Defendant's Motion to Dismiss to Judge Stafford. (ECF No. 9.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper. *See Coleman-Bey v.*

3

*Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)). Moreover, objections must be clear and specific so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). Because Plaintiff is self-represented, the Court will construe her objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

## III.  Analysis

Plaintiff raises two objections to the R&R. The first objection relates to her FMLA claim and the second relates to her state-law claims. Neither objection succeeds.

### A.    FMLA Claim

The R&R concluded that Plaintiff's "FMLA claim is time-barred." (ECF No. 16, PageID.96.) The FMLA has a two-year statute of limitations that begins to run "after the date of the last event constituting the alleged

4

violation for which the action is brought." 29 U.S.C. § 2617(c)(1). That limitations period extends to three years, however, if there was a willful violation of the FMLA. 29 U.S.C. § 2617(c)(2). Plaintiff alleges she was terminated over two years before she filed her Complaint. (ECF No. 1, PageID.5–6.) Therefore, as the R&R explains, the two-year statute of limitations bars Plaintiff's claim unless she can plead a willful violation of the statute. (ECF No. 16, PageID.94–96.) To plead a willful violation of the FMLA, the Plaintiff must allege facts sufficient to support a claim that Defendant intentionally or recklessly violated the FMLA. *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014). The R&R found that Plaintiff does not meet this standard. (ECF No. 16, PageID.95.)

Plaintiff objected to the R&R's analysis of the FMLA statute of limitations issue, arguing that her claim is not time-barred, because she successfully pled a willful FMLA violation. (ECF No. 17, PageID.104.) To make this argument, she discusses the definition of circumstantial evidence and asserts that the "nearness in time" between when she was put on unpaid medical leave and when she was terminated support a causal connection between her FMLA rights and her termination. (*Id.* at PageID.101–02.) She also asserts Defendant was aware she qualified for

FMLA, because Defendant put her on unpaid leave and required her to get a certificate from a physician to return to work. (*Id.* at PageID.103–04.) Plaintiff alleges that Defendant knew she qualified for FMLA but failed to notify her of her FMLA rights. (*Id.* at PageID.103.) That, in addition to placing her on unpaid medical leave, support inferring a willful violation, Plaintiff argues. (*Id.* at PageID.104.) Plaintiff then discusses evidentiary burden shifting under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and its applicability to FMLA claims. (*Id.*)

These objections are presented as arguments about evidence rather than about whether Plaintiff met the pleading standard. As the R&R points out, at the motion to dismiss stage, the Court must focus only on whether pleadings are sufficient, not on additional evidence or claims plaintiffs add in their responses to a motion to dismiss. (*See* ECF No. 16, PageID.95 (citing *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020)).) In the Complaint, Plaintiff alleges that she filed a disability compensation claim on February 25, 2020, and was placed on unpaid leave and then terminated on March 6, 2020. (ECF No. 1, PageID.5.) Plaintiff asserts that these actions were willful and retaliatory, (*Id.* at PageID.7), but the R&R correctly notes that Plaintiff

6

does not meet the standard for such a claim. (ECF No. 16, PageID.95.) Plaintiff must do more than make conclusory allegations; she must plead facts about Defendant's employees' mental states that make it plausible that Defendant intentionally or recklessly violated the FMLA. (*Id.* (citing *Crugher*, 761 F.3d at 617).)

Plaintiff attempts to show that Defendant's employees were aware of the FMLA and did not follow it, not that they knew or recklessly disregarded that their conduct violated the FMLA. (ECF No. 17, PageID.103–04 (arguing her termination was willful interference with Plaintiff's rights, because Defendant put Plaintiff on unpaid leave, did not inform her of her right to FMLA, and required fitness-for-duty certification to return to work).) Even if Plaintiff alleged facts sufficient to show Defendant's employees' awareness that the FMLA was implicated by the situation—and it questionable whether Plaintiff makes such a showing[1]—that is not enough to support a willful violation. *See Woida v. Genesys Reg'l Med. Ctr.*, 4 F. Supp. 3d 880, 893–94 (E.D. Mich.

---

[1] It is unclear whether Plaintiff alleges she requested FMLA leave or whether she alleges she was forced to go on unpaid leave against her will. (ECF No. 1, PageID.7 ("Plaintiff was forced to sign an agreement stating I could not return to work if I was being treated by a physician or attending physical therapy").)

7

2014). More is required to show that someone has a deliberate intention to violate the FMLA. *See, e.g.*, *Waites v. Kirkbride Ctr.*, No. 10–cv–1487, 2011 WL 2036689, \*10 (E.D. Pa. May 23, 2011) ("Defendant purposefully ignored Plaintiff's efforts to contact it, prohibited Plaintiff access to the building to drop off doctor's notes, failed to process her absences as FMLA leave despite knowledge of her illness, and terminated her after Plaintiff requested to return to work. Further, Plaintiff alleges that Defendant's executives failed to comply with the requirements of the FMLA by failing to inform employees of FMLA leave, post the required information, or having someone in charge of its administration.") Plaintiff has not met the standard for pleading a willful violation, so her claim is time-barred. Accordingly, Plaintiff's first objection to the R&R is denied.

### B.    Supplemental Jurisdiction over State-Law Claims

Plaintiff also makes an objection under the title "Removing State Claims," stating that she alleged a state-law claim in the Complaint under the Michigan Persons with Disabilities Civil Rights Act and asserting, "[i]f the Federal claim is stayed so to [sic] must all the remaining claims." (ECF No. 17, PageID.105.) The objection does not specify clearly which portion of the R&R it objects to. However, the R&R

8

notes that Plaintiff makes only "cursory reference" to the Persons with Disabilities Civil Rights Act while recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. (ECF No. 16, PageID.97); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [remaining related] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]")

The Court agrees with the R&R's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. The Court has original jurisdiction over two claims alleged by Plaintiff, her FMLA claim and her ADA claim, both of which arise under Federal law. *See* 29 U.S.C. § 2615; 42 U.S.C. § 12112; 28 U.S.C. § 1331. Both federal-law claims must be dismissed, however. First, as set forth above, the Court agrees with the R&R that Plaintiff's FMLA claim is time-barred. Second, the R&R explains that Plaintiff failed to exhaust her ADA remedies properly. (ECF No. 16, PageID.96.) As the Sixth Circuit explains:

> Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–

> 5(e)(1); *Jones v. Sumser Retirement Village,* 209 F.3d 851, 853
> (6th Cir. 2000). An employee may not file a suit under the
> ADA if he or she does not possess a right-to-sue letter from
> the EEOC because he or she has not exhausted his or her
> remedies. *See* 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a)
> (procedures from § 2000e–5 apply to ADA claims); *see also*
> *EEOC v. Frank's Nursery & Crafts, Inc.,* 177 F.3d 448, 456
> (6th Cir. 1999).

*Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000).

Plaintiff does not assert that she filed a charge with the EEOC, and the

300-day period for doing so has elapsed. (*See* ECF No. 1.) The R&R notes

that this failure bars Plaintiff's ADA claim. (*See* ECF No. 16, PageID.96–

97.) Plaintiff does not object to this conclusion in the R&R, and the Court

holds that the failure to file a charge of discrimination with the EEOC

does indeed bar her ADA claim. Because the Court finds that both claims

over which it has original jurisdiction must be dismissed and because this

litigation is at an early stage, it also declines to exercise supplemental

jurisdiction over the remaining state-law claims and therefore dismisses

them without prejudice. (*See* ECF No. 16, PageID.97.) Accordingly,

Plaintiff's second objection to the R&R is denied.

Plaintiff has not identified any errors in the R&R, nor has she

offered a justification for the Court not to adopt the R&R. Having

10

reviewed the R&R and the objections to it, the Court concurs with the R&R and adopts its reasoning and result.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's objections to the R&R (ECF No. 17) are DENIED, and the R&R (ECF No. 16) is ADOPTED. Accordingly, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Plaintiff's federal-law claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice.

IT IS SO ORDERED.

Dated: February 26, 2024          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 26, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

11